ERNEST M. SLATTERY, APPELLANT, V. JAMES HARLEY ET AL., APPELLEES.

FILED MAY 17, 1899. No. 8900.

1. **Riparian Rights.** The common-law rules relative to the rights of private riparian proprietors are of force in this state, with the exceptions of statutory abrogations and changes.

2. ———: JUDICIAL NOTICE: PLEADING. That a certain tract or piece of land is arid and, to be of use for agricultural purposes, must be irrigated are not matters of which judicial notice will be taken. To be available in an action they must be pleaded and, if placed in issue, proved.

3. **Judgment:** PARTIES TO ACTION. Persons not parties to the action *held* not entitled to the enjoyment of personal privileges accorded by the decree therein to those who were impleaded.

4. ———: ———: EVIDENCE. The findings and decree as to certain of the defendants *held* sustained by sufficient of the evidence.

5. ———: ———: ———: REVIEW. The finding in favor of one of the defendants determined manifestly wrong and reversed.

6. **Trial:** EXCLUSION OF EVIDENCE: REVIEW. The action of the district court by which it excluded from consideration and decree certain designated matters *held* proper.

APPEAL from the district court of Dawes county. Heard below before WESTOVER, J. *Reversed in part.*

*Albert W. Crites,* for appellant.

*Allen G. Fisher* and *Francis G. Hamer, contra.*

HARRISON, C. J.

The plaintiff commenced this action in the district court of Dawes county, and in his petition pleaded, in

substance, that he was the owner of a certain described piece of land in said county and had owned and occupied it during a number of years immediately prior to the suit; that a "creek" or stream of water flowed, and had flowed, in its regular established course or way through and upon his land, which water he did use, and had used at all times, for domestic purposes and for stock, horses, cattle, etc., to drink, and had enjoyed the natural flow in volume of the water; that the defendants were upper riparian proprietors of land on said stream, had diverted the water of the creek from its usual course and had not returned it thereto, had thus appreciably diminished the volume of water which would ordinarily and naturally have run in the stream and through the land of plaintiff, and had, in the manner indicated and at times stated, caused the creek to become entirely dry and without any water on the plaintiff's premises, and that the defendants threatened the continuance of said acts. The relief sought was an injunction by which the further or future commission of the acts of which complaint was made might be restrained. The defendants answered and asserted their use of the water of the creek for the same purposes as the plaintiff, with the added one of irrigation. The right to the latter use was claimed by prior appropriation, by reason of a decree of the court in a former action, also by virture of a contract or agreement with the plaintiff. There was a further plea of rights of defendants acquired under legislative enactments relative to irrigation, but the district court expressly refused to pass on this question, and we will not entertain it. The decree was for defendants, and plaintiff has appealed.

The appropriation theory of the defendants, as argued in the brief, is based upon the propositions that they were upper riparian proprietors and as such entitled to a reasonable use of water from the stream, which would include its employment for domestic purposes, for watering live stock, and for irrigation, and in this connec-

tion it is stated that in the arid west the common-law theories of the rights of riparian proprietors have been modified to the extent of the allowance to a riparian owner to take water from the stream and use it for irrigating. There are cases which uphold the doctrine to which we have just alluded, but possibly this court expressed the contrary rule when it said: "Although the contrary has been asserted in some of the arid Pacific states (see *Reno Smelting, Milling & Reduction Works v. Stevenson*, 20 Nev. 269; *Stowell v. Johnson*, 26 Pac. Rep. [Utah] 290), the common-law doctrine with respect to the rights of private riparian proprietors, except as modified by statute, prevails in this country. (*Widemiller Ice Co. v. Guthrie*, 42 Neb. 238; Pomeroy, Law of Water Rights [Black's ed.] secs. 127, 130, and authorities cited.) At common law every riparian proprietor, as an incident to his estate, is entitled to the natural flow of the water of running streams through his land, undiminished in quantity and unimpaired in quality, although all have the right to the reasonable use thereof for the ordinary purposes of life (3 Kent, Commentaries *439; Angell, Watercourses sec. 95; Gould, Waters sec. 204; Pomeroy, Law of Water Rights [Black's ed.] sec. 8), and any unlawful diversion thereof is an actionable wrong." (*Clark v. Cambridge & Arapahoe Irrigation & Improvement Co.*, 45 Neb. 798.) But be this true or not, to invoke the aid of the rule asserted for defendants it was necessary that they so plead as to place themselves within its purview. To justify under the right to irrigate, even if said doctrine could prevail, they must have pleaded and proved that the lands which they occupied were arid and irrigation a necessity. They did neither. The courts will not take judicial notice that a particular piece of land is arid and must be irrigated to be of use for agricultural purposes. (*McGhee Irrigating Ditch Co. v. Hudson*, 22 S. W. Rep. [Tex.] 398, 21 S. W. Rep. 175.)

The defendants in this action were not of parties to the suit in which the decree was rendered which they

pleaded herein and of which they claimed the benefit. The decree allowed certain parties therein named to use the water of the creek in specified quantities, and the defendants assert that they were given the privilege by said parties to take the water when they did not, or on stated days the parties to the decree would use no water, but the defendants took from the stream and used for irrigation the water which might have been taken by the others. The privileges accorded by the decree were personal and could not be enjoyed by other persons in the manner we have indicated, and that the acts of which complaint is herein made were under such an arrangement as we have in substance outlined furnished no excuse or defense.

The contract to which we have just referred as pleaded in the answer was to the effect that if the plaintiff in the present action, who was a party to the agreement, would not commence a suit to enjoin the other parties to the contract from withdrawing water from the creek, they would refrain from the use of the water except as specified in the contract. One defendant and party to the contract, James Harley, answered in this suit that he had strictly observed the terms and obligations of the agreement, and there was sufficient evidence to sustain a finding that what he pleaded was true; hence the decree to the extent it is in his favor must be affirmed.

One of the other defendants in this action, F. B. Woodruff, was not a party to the contract. E. F. Woodruff, his son, who signed the contract, it appeared, was not active in the use of the water, and the decree is right as to him. As to F. B. Woodruff, the evidence is clearly to the effect that he had committed the acts stated in the petition and without right. The decree as to him must be reversed and one entered in this court perpetuating the injunction against him.

We have not considered or discussed any questions which might arise under the statutory provisions of this state, for two reasons: one of which is that they were

entirely excluded from the case and decree in the district court, and the second, we do not think they were sufficiently presented by the record to call for consideration and decision in that court; and if so, are not in this.

JUDGMENT AS INDICATED.